**NO. 25-1832**

# United States Court of Appeals

*for the*

# Fourth Circuit

THE SUMMIT CHURCH-HOMESTEAD
HEIGHTS BAPTIST CHURCH, INC.,

*Plaintiff-Appellee,*

– v. –

CHATHAM COUNTY, NORTH CAROLINA BOARD OF
COMMISSIONERS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO IN NO.
1:25-CV-00113-UA-JLW, HONORABLE WILLIAM L. OSTEEN, U. S.
DISTRICT COURT JUDGE

## REPLY BRIEF FOR DEFENDANT-APPELLANT

STEVEN ANDREW BADER
CRANFILL SUMNER, LLP
5440 Wade Park Boulevard
Raleigh, North Carolina 27607
(919) 828-5100

PATRICK HOUGHTON FLANAGAN
SAMANTHA MARIE OWENS
CRANFILL SUMNER, LLP
P. O. Box 30787
Charlotte, North Carolina 28230
(704) 332-8300

*Attorneys for Defendant-Appellant*

CP COUNSEL PRESS (800) 4-APPEAL • (815516)

## TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

REPLY SUMMARY ........ 1

ARGUMENT ........ 2

- I. RLUIPA does not force local governments to legislate ........ 2
- II. The prohibitory injunction compels Chatham County to legislate ........ 7
- III. Summit Church and its amici raise issues that Chatham County has not ........ 9

CONCLUSION ........ 10

CERTIFICATE OF COMPLIANCE ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Andon, LLC v. City of Newport News*,
813 F.3d 510 (4th Cir. 2016) .......... 7

*Bethel World Outreach Ministries v. Montgomery County Council*,
706 F.3d 548 (4th Cir. 2013) .......... 4, 5

*Civil Liberties for Urban Believers v. City of Chicago*,
342 F.3d 752 (7th Cir. 2003) .......... 6

*D.C. Court of Appeals v. Feldman*,
460 U.S. 462 (1983) .......... 1-2

*Euclid v. Ambler Realty Co.*,
272 U.S. 365 (1926) .......... 1

*Godfrey v. Zoning Bd. of Adjustment*,
344 S.E.2d 272 (N.C. 1986) .......... 1

*Grace United Methodist Church v. City of Cheyenne*,
451 F.3d 643 (10th Cir. 2006) .......... 6

*Jesus Christ is the Answer Ministries, Inc. v. Balt. Cty.*,
915 F.3d 256 (4th Cir. 2019) .......... 4

*Midrash Sephardi, Inc. v. Town of Surfside*,
366 F.3d 1214 (11th Cir. 2004) .......... 2, 6

*Prentis v. Atlantic Coast Line Co.*,
211 U.S. 210 (1908) .......... 2

*Reaching Hearts Int'l, Inc. v. Prince George's County*,
No. 08-2281, 368 Fed. Appx. 370 (4th Cir. March 3, 2010) .......... 4

*Redeemed Christian Church of God (Victory Temple) Bowie v. Prince George's Cty.*,
17 F.4th 497 (4th Cir. 2021) .......... 2, 3, 4, 5

## REPLY SUMMARY

Chatham County has raised a narrow issue in this appeal: does an injunction issued as an RLUIPA remedy violate separation of powers if it requires a local government to legislate.

Summit Church and its amici say this is a non-issue. In their view, because zoning laws are "land use regulations," federal courts can make local governments remedy an RLUIPA violation via legislation. This Court's precedent, however, has never said that. Instead, the cases have all involved churches in by-right or permitted zoning districts where variances, quasi-judicial permits, or regulations gave rise to an RLUIPA claim.

Rezoning is different. It is a legislative process under North Carolina law. *Godfrey v. Zoning Bd. of Adjustment*, 344 S.E.2d 272, 276 (N.C. 1986). More important for RLUIPA, the Supreme Court has recognized that the adoption of and amendments to local zoning are legislative acts. *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 389 (1926). This is because zoning decisions, like other legislative choices, "[look] to the future and [change] existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power." *D.C.*

*Court of Appeals v. Feldman*, 460 U.S. 462, 479 (1983) (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908)).

The district court's injunction invades Chatham County's legislative authority. RLUIPA preempts discriminatory land-use regulations; it doesn't force legislative action. *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1242-1243 (11th Cir. 2004). This Court should reverse the district court and vacate the injunction.

## ARGUMENT

### I. RLUIPA does not force local governments to legislate.

A level set.

Chatham County agrees that its zoning laws are subject to RLUIPA. It likewise agrees that states can't use labels to avoid RLUIPA.

The issue is the preliminary injunction, which requires Chatham County to conditionally rezone. Summit Church and its amici maintain that conditional rezoning is just a label, and as a label, it does not offend separation of powers principles. In this way, they contend this case is no different from *Redeemed Christian Church of God (Victory Temple) Bowie v. Prince George's Cty.*, 17 F.4th 497, 506 (4th Cir. 2021). But *Redeem* includes two critical distinctions.

The first is the actual zoning ordinance at stake. *Redeemed*, 17 F.4th at 501. The zoning designation in *Redeemed* allowed churches by right. *Id*. In turn, the church wasn't using RLUIPA as a vehicle to force rezoning. *Id*. Here, by contrast, the county ordinance does not allow churches by-right in the district where Summit Church wants to build. Chatham County must rezone the subject property before Summit Church can build its campus.

The second distinction is the so-called "label" argument. The county in *Redeemed* argued that the sewer classification at issue was not a "land use regulation" subject to RLUIPA. 17 F.4th at 509. This Court rejected the notion that a local government could self-define this term. *Id*. Instead, it held that "[i]f a regulation divides a community into zones, restricting or limiting how land can be used within each zone, the regulation is a zoning law subject to RLUIPA." *Id*.

To be sure, the county in *Redeemed* described the sewer reclassification request as a "legislative amendment." *See generally* 17 F.4th 497. Yet the court never considered whether the reclassification was, in fact, legislative. *Id*. It only decided whether the reclassification was a "land use regulation" for RLUIPA purposes. *Id*.

This matters because *Redeemed* does not address whether conditional rezoning is legislative. It holds that land use regulations are subject to RLUIPA even if local governments call them something else. That is not the issue here. Conditional zoning in North Carolina is not merely a label. It is a legislative act as defined by the North Carolina General Assembly and as recognized by North Carolina courts.

* * *

Beyond *Redeemed*, this Court's RLUIPA precedent hasn't considered whether a court can order a local government to legislatively rezone a district as a permissible remedy. In two cases – *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cty.*, 915 F.3d 256, 261 (4th Cir. 2019); *Reaching Hearts Int'l, Inc. v. Prince George's County*, No. 08-2281, 368 Fed. Appx. 370, 371 (4th Cir. March 3, 2010) (unpublished) – the local government zoned the property for a church, and the plaintiffs sued for a variance or permit to build in the zoned area. Variances and permits are not legislative actions.

*Bethel World Outreach Ministries v. Montgomery County Council* is not a comparator for the legislative action question either. 706 F.3d 548 (4th Cir. 2013). The plaintiff bought land zoned for a church, applied for

sewer and water access (and later septic), only for the county to amend its ordinances and prohibit churches in the district. *Id.* at 553-54. This Court reversed the district court's grant of summary judgment to the county on the church's substantial burden RLUIPA claim. *Id.* at 559. In doing so, it did not order the county to rezone or take any other legislative action. *Id.* So like *Redeemed*, *Bethel* doesn't say that RLUIPA remedies include compelled legislative rezoning. [1]

---

[1] Amicus curiae The Lutheran Church – Missouri Synod, claims that

> The district court does not need to compel the [c]ounty to pass a zoning ordinance. It can just enjoin enforcement against Summit of the land-use regulation that restricts construction. No need for a variance or "conditional rezoning."

[Doc. 43-1, p. 25)

That doesn't make sense. A local district is either zoned, or it's not. And because the district at issue is not zoned for a church, the only way to allow a church is for the county to rezone it.

The Synod's suggestion – that the district court can enjoin enforcement of the ordinance – would result in either: (1) the district court ruling that the property is not zoned at all, leaving Summit Church free to build without local input or oversight, which is not RLUIPA's aim; or (2) the district court acting as the zoning agency, including permitting and approving a construction project, a classic local government function.

* * *

The reason RLUIPA does not offend separation of powers is because it cannot be used to order local governments to enact specific land use ordinances. *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1242-1243 (11th Cir. 2004). This means that local governments can zone churches by right in certain zones and limit them in others, like with other gathering spaces. *Grace United Methodist Church v. City of Cheyenne,* 451 F.3d 643, 654 (10th Cir. 2006) An ordinance like this does not offend RLUIPA on its face because RLUIPA does not give a church the right to build wherever it wishes. *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 763 (7th Cir. 2003).

Chatham County's zoning ordinance does not permit churches by right in the district at issue. That is where this case differs from *Redeemed* and its brethren. And this is why the district court's injunction raises novel separation of powers concerns.

RLUIPA imposes strict-scrutiny review on substantial burdens to religious exercise. It does not authorize federal courts to compel local legislative zoning changes. Indeed, this Court has observed that "Congress did not intend for RLUIPA to undermine the legitimate role of

local governments in enacting and implementing land use regulations." *Andon, LLC v. City of Newport News,* 813 F.3d 510, 516 (4th Cir. 2016). The district court's injunction does just that. As such, this Court should reverse the district court and vacate the injunction.

II. <u>The prohibitory injunction compels Chatham County to legislate</u>.

Summit Church and its amici contend that the district court's injunction does not direct Chatham County to legislate, so the issue is not up for review. That contention misconstrues the relief ordered in the prohibitory injunction.

The district court contemplated two injunctions: a prohibitory one and a mandatory one. [JA1864-1867] The district court granted the prohibitory injunction and denied the mandatory injunction. [*Id.*]

For the prohibitory injunction, the district court enjoined Chatham County from "denying [Summit Church's] rezoning proposal, pending further order of this court." [JA1867] This is tantamount to an order directing Chatham County to rezone for Summit Church. If Chatham County cannot deny the rezoning, then it must approve the rezoning. After all, the counterpart to denial is approval. The injunction leaves no room for the county to let the proposal languish. So, if the county cannot

deny the rezoning request, then it must approve it. That is the relief that Chatham County challenges.

The mandatory injunction was different. It sought that relief so that it could start construction. [JA1865] That manual task is different from conditional rezoning. The district court denied this relief to avoid a partially built structure if Summit Church does not prove its case in the end. [*Id.*]

* * *

Summit Church and its amici recognize the value of the prohibitory injunction. They insist that the injunction is appropriate to address Summit's irreparable harm. For that to be the case, the prohibitory injunction must compel action from Chatham County. The injunction cannot redress any harm, much less redressable harm, if the county can sit idle and not deny the rezoning, but not approve it either. The district court sought to redress this harm by enjoining the county from denying Summit Church's rezoning proposal, effectively forcing the county to rezone for Summit's benefit.

A final point. The district court recognized that the request for injunctive relief raised separation of powers concerns. It declined to order

Chatham County to approve site plans and issue permits because that relief would "result in a federal court commanding a local government to affirmatively act in the confines of traditional local control." [JA1865] The district court has it backwards. Courts can direct a local government to allow a contractor to start a project without impeding upon a local government's legislative land use decisions. Conditional rezoning, on the other hand, is textbook "traditional local control." So, the district court's instincts were right, but its follow-through missed the mark.

III. Summit Church and its amici raise issues that Chatham County has not.

Chatham County is not questioning Congress' wisdom in enacting RLUIPA. It is not questioning RLUIPA's importance. And it is certainly not questioning the value Americans place on religious freedom.

Summit Church's amici have shared important insights on what RLUIPA means to them. In doing so, they have raised points and issues that are beyond what Chatham County has brought to this Court. This is not criticism but mentioned solely to keep the discussion focused on the limited separation of powers question at issue in this case. And on this question, Chatham County respectfully disagrees with Summit Church and its amici.

## CONCLUSION

RLUIPA does not authorize federal courts to make local governments legislate. The district court's preliminary injunction does just that. In the process, it invades a local legislative field that belongs to Chatham County and its elected officials. This Court should reverse the district court and vacate the injunction.

This the 13th day of April 2026.

CRANFILL SUMNER LLP

/s/ Steven A. Bader
Steven A. Bader
N.C. State Bar No. 55931
Email: sbader@cshlaw.com
Post Office Box 27808
Raleigh, NC 27611
Telephone: (919) 828-5100

Patrick H. Flanagan
Email: phf@cshlaw.com
Samantha M. Owens
Email: sowens@cshlaw.com
Post Office Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
*Attorneys for Appellant Chatham County, North Carolina Board of Commissioners*

**CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits because excluding the parts of the document exempted by Fed. R. App. P. 32(f): (cover page, disclosure statement, table of contents, table of citations, signature block, certificates of counsel, appendix, attachments):

this document contains 1,823 words.

2. This document complies with the typeface requirements because:

it has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated: April 13, 2026

BY: /s/ Steven A. Bader
STEVEN A. BADER

*Counsel for Defendant-Appellant*